IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

PAUL ANTHONY LANDINGHAM,

        Petitioner,

    v.

STEVE FRANKE,

        Respondent.

Case No. 2:12-cv-01678-ST

FINDINGS AND RECOMMENDATION

Paul Anthony Landingham
17142542
Two Rivers Correctional Institution
82911 Beach Access Rd.
Umatilla, OR 97882-9419

        Petitioner, *Pro Se*

Ellen F. Rosenblum, Attorney General
Samuel A. Kubernick, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge:

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his 2008 state court convictions for Unlawful Sexual Penetration and Assault.  For the reasons that follow, the Petition for Writ of Habeas Corpus (docket #1) should be denied.

## BACKGROUND

On October 27, 2007, the female victim in this case was walking home late at night.  Because she had a broken leg, she was walking with the assistance of crutches.  She noticed petitioner following her and tried to move more quickly, but petitioner caught up with her and began beating her with a closed fist.  Petitioner then sexually assaulted her and strangled her until she lost consciousness.  When police officers arrived on the scene, they saw the victim's "face was extremely swollen and bloody.  Her eyes were completely swollen shut and her upper lip appeared to be cut as well.  Due to the amount of blood covering her face it was difficult to determine where exactly it had all come from."  Respondent's Exhibit 114, p. 2.  The victim had suffered extensive soft tissue damage as well as facial fractures.  *Id* at 3.

The Marion County Grand Jury indicted petitioner on charges of Rape in the First Degree, Unlawful Sexual Penetration in the First Degree, Sexual Abuse in the First Degree, Assault in the Fourth Degree, and Strangulation.  Respondent's Exhibit 102.  Petitioner

waived his right to a jury trial and agreed to proceed with a
stipulated facts trial.  In exchange, the State agreed to dismiss
the Rape, Sexual Abuse, and Strangulation charges.  Respondent's
Exhibit 103, pp. 2-4.  The trial court found petitioner guilty of
the remaining charges of Unlawful Sexual Penetration in the First
Degree and Assault in the Fourth Degree and imposed a sentence of
100 months in prison.  Respondent's Exhibit 104, pp. 3-5.

Petitioner filed a direct appeal, but ultimately elected to
voluntarily dismiss it.  Respondent's Exhibits 105 & 106.

Petitioner next filed for post-conviction relief ("PCR") in
Umatilla County which was denied.  Respondent's Exhibit 125.  The
Oregon Court of Appeals affirmed the PCR trial court without
opinion, and the Oregon Supreme Court denied review.  *Landingham v.
Coursey*, 244 Or. App. 136, 257 P.3d 1021, *rev. denied*, 350 Or. 716,
260 P.3d 493 (2011).

On September 17, 2012, petitioner filed his federal Petition
for Writ of Habeas Corpus alleging a single claim that he was the
victim of ineffective assistance of trial counsel who failed to
sufficiently explain the nature and consequences of a stipulated
facts trial.  Respondent argues that the PCR trial court properly
denied relief on this claim.[1]

///

---

[1] Petitioner has not filed any supporting memorandum,
attempted to rebut the Respondent's arguments, or otherwise
communicated with the court.

3 - FINDINGS AND RECOMMENDATION

**FINDINGS**

I.    **Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires

the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

## II.  Analysis

Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test established by the Supreme Court to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). First, petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result

is a "doubly deferential judicial review." *Mirzayance*, 556 US at 123.

Petitioner's sole claim is that his attorney failed to competently explain the consequences associated with a stipulated facts trial. The PCR trial court disagreed:

> His attorney bent over backwards on a case that really, in most counties of this kind of issue, wouldn't even [have] gone to the extent that this attorney went to because there [were] elements that were basically overwhelming.
>
> I would say, too, that in addition to the Defense attorney going over the issues, the judge also pretty carefully, on the record, went over the issues regarding the jury waiver and the stipulated facts trial. There was no objection to any of that at the time. There really was nothing else the Defense attorney could do, except for the fact that he got an incredible agreement based on the stipulated facts. And the result for the Defendant, given the pretty egregious facts in this case with the independent witnesses and the really serious charges, that the Defendant got the sentence that he did – I can't remember, but I think the judge might have even actually made a comment about it was really a very lenient sentence in light of the facts of the case. I think not only did he not fail to do things; he did a very good job for your client, the Petitioner in this case.
>
> So I'm relying on the facts, as I just stated, in the record, which clearly the attorney (unintelligible) and I adopt all the legal (unintelligible) as presented in the Defense case. So the petition is denied. . . .

Respondent's Exhibit 124, pp. 5-6.

Taking the PCR trial court's factual findings as true pursuant to 28 U.S.C. § 2251(e)(1), counsel's performance did not fall below an objective standard of reasonableness because he properly advised petitioner of the ramifications of a stipulated facts trial.  Even assuming counsel had not properly advised petitioner, the trial judge carefully ensured that petitioner understood the process and consequences of a stipulated facts trial and went so far as to tell petitioner exactly which charges the court could find him guilty of committing if he proceeded with a stipulated facts trial:

> And, again, this means we won't have witnesses called, real live people called and testifying or cross-examination, things of that nature. You are stipulating to these facts, and there are no surprises that are entailed here.  As a result of stipulating, I would find you guilty of counts two and four.

Respondent's Exhibit 103, p. 3.

When asked whether he understood this, petitioner replied, "Yes, sir."  *Id.*

Moreover, petitioner's sentence was unusually favorable given the vicious nature of the attack involved, the DNA evidence which incriminated him, and the fact that multiple witnesses to the attack were prepared to make statements which would have been devastating to the defense.  Respondent's Exhibit 122.  As the trial judge stated, "I think you can feel confident this is probably the best possible sentence you could have hoped for in this case.  And that's just my perspective based on being an

attorney, being a judge for all these years, and looking at it."
*Id* at 11.  Trial counsel held the same opinion, stating that "[i]t
was truly one of the best plea bargains that I ever worked out for
anybody."[2]  Respondent's Exhibit 113, p. 22.  In this regard, it is
difficult to see how any failure to properly advise petitioner of
the ramifications of a stipulated facts trial prejudiced him given
the specific facts of his case.

Based on the foregoing, the PCR trial court's decision denying
relief on petitioner's ineffective assistance of counsel claim is
neither contrary to, nor an unreasonable application of, clearly
established federal law.  Accordingly, relief on the Petition
should be denied.

## RECOMMENDATION

For the reasons set forth above, the Petition for Writ of
Habeas Corpus (docket #1) should be DENIED, and a judgment should
be entered dismissing this case with prejudice.  The court should
decline to issue a Certificate of Appealability on the basis that
petitioner has not made a substantial showing of the denial of a
constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

///

///

---

[2] In advocating for the stipulated facts trial, counsel also
explained to petitioner, "Your version of events is completely
unbelievable.  Nobody will believe the mutual urination, falling,
head-butting, and 'underwear flipping down' defense."
Respondent's Exhibit 122, p. 3.

8 - FINDINGS AND RECOMMENDATION

**<u>SCHEDULING ORDER</u>**

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due **October 28, 2013**.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 9th day of October, 2013.

s/   Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge

9 - FINDINGS AND RECOMMENDATION